**STATE, Plaintiff-Appellee, v. BROWN, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 4058. Decided October 15, 1959.

Thomas A. Beil, Pros. Atty., Loren E. Van Brocklin, Asst. Pros. Atty., Youngstown, for plaintiff-appellee.

Samuel Petkovich, Warren, Paul T. Zellers, Youngstown, for defendant-appellant.

## OPINION

Per CURIAM.

Defendant's counsel clearly and concisely stated the question presented to this court on defendant's appeal from the court of common pleas in the opening paragraph of her brief as follows:—

"Carole Brown pleaded guilty to the crime of murder in the second degree in the court of common pleas, Mahoning county, Ohio, and on the 18th day of March, 1959, she was sentenced to imprisonment in Ohio Reformatory for Women during life, by Judge David Jenkins.

"On the 19th day of March, 1959, counsel for Carole Brown filed her notice of appeal on questions of law.

"The question resolves itself into: Could Judge David Jenkins sentence the said Carole Brown for life to the Ohio Reformatory for Women."

Sec. 5143.23 R. C., provides:—

"All female persons over sixteen years of age, convicted of felony, except murder in the first degree without the benefit of recommendation of mercy, shall be sentenced to the reformatory for women in the same manner and for the same statutory penalties and subject to the same laws governing paroles and releases as are male persons now sentenced to the penitentiary and to the reformatory."

Sec. 5143.05 R. C., provides:—

"Courts imposing sentences to the reformatory shall make them general, and not fixed or limited in their duration. The term of imprisonment shall be terminated by the pardon and parole commission, as authorized by §§2965.09 to 2965.18 inclusive, R. C., but the term of such imprisonment shall not exceed the maximum term, nor be less than the minimum term provided for such felony."

Defendant was indicted under §2901.05 R. C., which provides:—

"No person shall purposely and maliciously kill another. Whoever violates this section, except in the manner described in §§2901.01, 2901.02, 2901.03, and 2901.04 R. C., is guilty of murder in the second degree and shall be imprisoned for life."

Sec. 5145.01 R. C., provides:—

"Courts imposing sentences to the penitentiary for felonies, except treason, and murder in the first degree, shall make such sentences general and not fixed or limited in their duration. All terms of imprisonment of persons in the penitentiary may be ended in the manner provided by law, but no such terms shall exceed the maximum term provided for the felony of which the prisoner was convicted, nor be less than the minimum term provided for such felony. * * *

"If, through oversight or otherwise, a sentence to the penitentiary should be for a definite term, it shall not thereby become void, but such person shall be subject to the liabilities of such sections and receive the benefits thereof, as if he had been sentenced in the manner required by this section.

"As used in this section 'term of imprisonment' means the duration of the state's legal custody and control over a person sentenced as provided in this section."

In the case of **State v. Hawkins, 97 Oh Ap 477**, Judge Nichols, speak-

ing for himself alone, the matter having been heard and determined by Judge Nichols alone and not by the entire court, said at page 483:—

"I am driven to the inescapable conclusion that the 'punishment' of one convicted of murder in the second degree is not imprisonment for life but such imprisonment is only 'until legally released,' as ordered by Judge Michener in this case."

The fourth and sixth paragraphs of the syllabus in the case of State v. Hawkins, 97 Oh Ap 477, provides:—

"4. Sec. 5145.01 R. C., applies in sentencing a female person under §5143.23 R. C., which provides, inter alia, that females 'shall be sentenced to the reformatory for women in the same manner and for the same statutory penalties and subject to the same laws governing paroles and releases as are male persons now sentenced to the penitentiary.'

"6. Although §2901.05 R. C., provides that any person guilty of murder in the second degree shall be imprisoned for life a fixed penalty, such statute must give way to §§5143.23 and 5143.05 R. C., which provide that all female persons over 16 years of age convicted of felony, except murder in the first degree without recommendation of mercy, shall be sentenced to the reformatory and that courts imposing sentences to reformatory shall make them general and not fixed or limited in their duration."

We are not impressed by defendant's argument in which she attempts to distinguish between her rights as a woman and those of a man.

**Article II, Section 26, Ohio Constitution,** provides:—

"All laws, of a general nature, shall have a uniform operation throughout the state: * * *."

**Article I, Section 2, Ohio Constitution,** provides:—

"All political power is inherent in the people. Government is instituted for their equal protection and benefit, * * *."

The fourteenth amendment to the United States Constitution provides:—

"* * * nor shall any state * * * deny to any person within its jurisdiction the equal protection of the laws."

Under our law it matters not whether a crime against society is committed by a man or a woman. There is no penitentiary in Ohio for women.

**Sec. 5143.03 R. C.,** provides in part:—

"* * * No male person convicted of murder in the first or second degree shall be sentenced or transferred to the reformatory."

**Sec. 5143.03 R. C.,** provides only for sentence or transfer of men convicted of murder in the first or second degree to the reformatory.

**Sec. 5143.23 R. C.,** above, provides for the sentencing of women to the reformatory. Included in the section are the important words "in the same manner and for the same statutory penalties * * * as are male persons now sentenced to the **penitentiary** and to the reformatory."

These words can have only one meaning. The women's reformatory is treated by this statute for sentencing purposes as a combination "penitentiary" and "reformatory." It gives the trial judge the same discretion to exercise in sentencing as he has with regard to male prisoners.

It says in no uncertain terms that he may sentence a female "for the same statutory penalties * * * as are male prisoners * * * to the penitentiary * * *" as well as to the reformatory.

We believe Judge Jenkins could sentence Carole Brown for life to the Ohio Reformatory for Women, and therefore the judgment of the court of common pleas must be affirmed. Judgment affirmed.

GRIFFITH, PJ, PHILLIPS and DONAHUE, JJ, concurs.